———o———

THOMAS WRIGHT, Plaintiff in Error, *vs.* ADAM J. BARR, Defendant in Error.

1. *Equity—Note, judgment procured on by fraud—Sale and purchase under, effect of.*—Where the maker of a note, given for the purchase money of land, suffered the holder to procure judgment thereon, upon the strength of assurances from the latter that he intended to procure judgment merely to secure the debt, and that the judgment should be held in abeyance, and the holder afterward, without the knowledge or consent of the maker, caused the land to be sold under the judgment, and bought it in; *held,* that the maker of the note might resort to equity to have the sale set aside on payment of the note, and other proper relief administered. A title so obtained could stand only as security for the reimbursement of the debt.

*Error to Ray Common Pleas Court.*

*J. W. Shotwell, and J. W. & J. E. Black*, for Plaintiff in Error, cited :

2 Story's Eq., § 885 ; 1 Dan. Ch. Pr., 725 ; Dale vs. Roosenvelt, 5 Johns. Ch., 174 ; Matter of Merritt, 5 Paige, 125 ; Miller vs. McCaw, 7 Paige, 457 ; How vs. Montell, 28 Ill., 478 ; Atlantic Delaine Company vs. Tredick, 5 R. I., 171 ; Furguson vs. Fisk, 28 Conn., 511 ; Weed vs. Grant, 30 Conn., 74 ; Dehon vs. Foster, 4 Allen, 545 ; Davis vs. Hoopes, 33 Miss., 173.

*Doniphan & Garner*, for Defendant in Error.

I. A judgment upon a note for the direct payment of money, upon written acknowledgment of service upon the summons, has the same force and effect as a judgment by confession, and is absolutely conclusive, and cannot be afterwards impeached or assailed by the party collaterally or otherwise.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity, to set aside a sheriff's sale of the plaintiff's undivided interest in certain bonds in Ray county, and to have the title acquired by the defendant at such sale invested in him.

The defendant demurred to the petition, on the ground, that it did not state facts sufficient to constitute a cause of action, and that the petition showed no equity or merit in the plaintiff, and that the averments of the petition were an estoppel to any relief.

The demurrer was sustained and judgment given thereon against the plaintiff.

The facts stated in the petition are substantially as follows:

That plaintiff and defendant had jointly purchased, at partition sale, the lands in question, and had each paid his share of the first payment of the purchase money, and executed their joint note for the balance of the purchase money; that defendant preferred to pay all the balance of the purchase money and wait for plaintiff's share, and take his note for the same, which he did; that after the note became due, the defendant filed a suit on the same, in the Ray Circuit Court, of which he was clerk, and issued a writ of summons and took it to St. Louis where the plaintiff was, and falsely and fraudulently represented to plaintiff, that he wanted to procure a judgment on the note merely to secure the debt and put it in a better shape, in case of his death, in regard to classification; that if the plaintiff would acknowledge service on the summons, he would have the judgment entered and hold it up; that the plaintiff thereupon acknowledged service of the writ, with the understanding that he was to be notified when the defendant wanted his money so that he could pay it; that he was always ready to pay, but the defendant preferred holding the judgment; and on his faith in the assurance, that no action would be taken on the judgment without notice to him, the plaintiff removed to the State of Kansas, where he remained for some two years; that after he went to

Kansas he wrote to defendant, and continued to write to him from time to time, to know if he wanted his money, saying that it was ready for him any time; but he received no reply to his letters; that finally the defendant wrote to him, and enclosed a quit claim deed for him to execute, saying, that the land was not worth much, but he could exchange it for hogs. Soon thereafter, the plaintiff learned from another person, that his interest had sometime previously been sold by the defendant under an execution on his judgment, and bought in by himself.

The plaintiff alleges, that the defendant in violation of his pledge, and without notifying him, caused the execution sale to be made, and purchased in his undivided interest in the lands.

Plaintiff offers to reimburse the defendant the amount he owes him, and prays that the judgment and proceedings thereunder be set aside; that the sheriff's sale and deed be annulled; and that the interest acquired by the defendant, by his sheriff's deed, be invested in the plaintiff.

If the facts charged be true, it is evident that the defendant practised a gross fraud on the plaintiff by causing his lands to be sold, and buying them in without notice to him. The parties were co-tenants of the land, and the judgment was given as security for the debt; but not to be enforced without giving the plaintiff a chance to pay it.

A title obtained by this sort of contrivance can only stand as a security for the reimbursement of the amount justly due to the defendant.

The petition is very inartificially drawn. It contains, however, in a narrative form, the facts here indicated. The court might have required the facts to be more definitely stated, and with less redundance. (See 2 W. S., 1018, § 20.)

A demurrer was not the proper remedy, and the court erred in sustaining it. On the facts as charged, the court may grant such relief as the plaintiff is entitled to, without regard to the prayer of the petition. If the plaintiff recovers in this case the decree should be; that the plaintiff pay over to the

defendant all that he is entitled to; that the judgment on the note be acknowledged satisfied; and that the interest in the lands, acquired by the defendant at sheriff's sale, be invested in the plaintiff or conveyed to him by the defendant.

Under the view we take, the judgment must be reversed and the cause remanded.

Judges Vories and Sherwood concur; Judges Napton and Wagner absent.