NELSON KNIGHT, *et al.*, Plaintiffs in Error, *vs.* JAMES CHERRY, *et al.*, Defendants in Error.

1. *Equity—Injunction—Judgment—Cotemporaneous agreement as to satisfaction by payment of a less amount—Co-defendants, release of part.*—A defendant in a litigated case, who has consented to a judgment for a certain sum, agreed upon as fixing the real amount of the plaintiff's debt or damages, cannot satisfy such judgment by the payment of a smaller sum, on the ground that there was a prior or contemporaneous parol agreement that such smaller sum should be received in full satisfaction thereof.

### *Error to Dade County Circuit Court.*

*Henry Brumback*, for Plaintiffs in Error.

I. Contracts made prior to, or contemporaneously with, the entering of judgments are allowed in evidence for the purpose of enjoining, annulling, or controling these same judgments. In other words, contracts relating to controversies shall be enforced notwithstanding it is a part of the contract that a judgment shall be suffered. (Hil. Inj. pp. 201, 206, 208, 228 ; Keighler vs. Savage, 12 Md. 383 ; Gage vs. Cassidy, 23 How. 109.)

II. The alleged contract does not lack consideration. The compromise of a doubtful claim is a good consideration for a contract. (Reilly vs. Chouquette, 18 Mo. 226 ; Livingston vs. Dugan, 20 Mo. 102.)

*N. Gibbs*, for Defendants in Error.

HOUGH, Judge, delivered the opinion of the court.

The petition in this case alleged that in the year 1867 the defendant Cherry sued the plaintiffs, Knight and Wilson, and one Rhoades, for the conversion of certain personal property ; that Rhoades was served but made default ; that plaintiffs, Knight and Wilson, appeared to the action, and after a trial, in which the jury failed to agree, "it was agreed by and between plaintiffs and said Cherry, that if plaintiffs would consent and agree that judgment might be rendered by the court against them and

said Rhoades, in favor of said Cherry, for the sum of five hundred dollars and costs, said Cherry would release these plaintiffs on payment by them of two-thirds thereof, and would not enforce said judgment, so to be rendered against plaintiffs, for any sum exceeding two-thirds thereof, and would not attempt to collect of these plaintiffs more than two-thirds of the same ; that pursuant to said agreement plaintiffs consented that judgment might be rendered against them by said court as aforesaid, and that the same was rendered accordingly ; and, said Rhoades having failed to answer as aforesaid, the court heard the testimony and assessed the damages as against (him) and rendered judgment against him together with the plaintiffs as aforesaid, in the sum of five hundred dollars." The petition further alleged that the plaintiffs have paid said Cherry two-thirds of the amount of said judgment, but that in violation of his said agreement, said Cherry directed execution to be issued, and execution had been issued against plaintiffs for the balance of said judgment and costs, and the defendant Caldwell, who was sheriff, threatened to levy the same on the property of plaintiff ; that defendant Cherry was a non-resident, and that Rhoades was insolvent. Plaintiffs prayed that the sheriff might be enjoined from making any levy or sale under said execution, and that defendant, Cherry, should be perpetually enjoined from enforcing said judgment against the plaintiffs. To this petition there was a demurrer which was sustained by the court and final judgment rendered thereon for the defendants.

The only question presented is as to the sufficiency of the petition. It must be taken for granted in this case that the judgment correctly ascertained the amount to which the plaintiff was entitled. This judgment, so far as Cherry is concerned, is as much a judgment against Knight and Wilson, for the whole amount thereof, as if they were the only parties thereto, and in determining the effect of the agreement the judgment may be considered as one against them alone. Can a defendant in a litigated case, who has consented to a judgment for a certain sum, agreed upon as fixing the real amount of the plaintiff's debt or damages, satisfy such judgment by the payment of a

smaller sum, on the ground that there was a prior or contemporaneous agreement that such smaller sum should be received in satisfaction thereof ? After a somewhat extended examination, we have been unable to find any case which goes to this extent, and we deem it impolitic to add this to the list of cases in which the verity of judicial record may be questioned by parol.

There are numerous cases to the effect that where judgment has been confessed for a certain sum, not as an ascertainment of so much *actual* indebtedness, but only as security for so much as might thereafter be ascertained to be due, an attempt to collect the whole amount of the judgment would be such a fraud as would authorize the interposition of a court of equity. (Keighler vs. Savage Manf'g Co., 12 Md. 383.)

The case of Briggs vs. Law, (4 Johns. Chy., 22) when narrowly examined, will be found to go no farther. In that case the judgment bond, on which the judgment sought to be enjoined was entered, was given to the obligee as a security which was to be enforced ratably in a certain contingency, and the chancellor carried out the agreement. The facts in that case are rather obscurely reported, but we think we state the point involved correctly. We cannot find that the case has ever been cited in any subsequent decision in New York.

In the case of Wright vs. Barr, (53 Mo. 340) a party permitted a judgment to be entered against him, for the purpose of securing a debt, upon an agreement that no action should be taken to enforce such judgment without notice to him ; and the plaintiff therein having fraudulently used the same to procure title to certain real property of the defendant, the sheriff's sale was set aside. These cases proceed upon the same principle which allows an absolute conveyance to be shown to be a mortgage, and which restricts the holder of any security to the recovery of the sum actually due. But to permit a judgment which it is admitted represents an actual liability to be varied by parol, is as clearly against the policy of the law as it would be to allow the terms of a promissory note, given for an actual indebtedness, to

be varied by proof of a prior or contemporary agreement that the payee would accept a less sum in satisfaction thereof.

We think the court did right to sustain the demurrer and the judgment will therefore be affirmed. All the judges concur.