PETER SCHWIETE, Appellant, v. EUGENE
GUERRE et al., Respondents.

St. Louis Court of Appeals. Argued and Submitted June 2, 1913.
Opinion Filed June 24, 1913.

1. JUDGMENTS: Assignment: Execution: Indorsement. Sec.
2158, R. S. 1909, which provides that, where a judgment is
assigned, execution shall issue in the name of the original
plaintiff, but shall be indorsed by the clerk or justice to be
for the use of the assignee, does not apply where the assign-
ment is made after the issuance of the execution.

2. ———: Judgment by Consent: Bonds. The plaintiff and the defendant in a suit pending in a circuit court entered into a stipulation to the effect that judgment should be rendered by the court in favor of plaintiff and against defendant for the sum of $554 and costs, and that the judgment "will be satisfied by plaintiff upon payment or tender to him of $300 and costs of suit, if made before July 15, 1910, execution to be stayed until July 20, 1910." The court made an entry of record upon this stipulation, as follows: "Ordered by the court in accordance with the stipulation filed herein this day that the judgment entered in favor of said plaintiff and against said defendant for the sum of $554 and costs be satisfied upon the payment by said defendant to said plaintiff the sum of $300 and costs on or before July 15, 1910, etc." *Held*, that the stipulation and the order of the court constituted, in legal effect, a contract of record, in the form of a bond with a penalty for its nonperformance within a time stated.

3. CONTRACTS: Construction. A contract is to be construed in its entirety.

4. PENALTY: Enforcement. A penalty in a contract will not be strictly enforced, unless clearly incurred, for the reason that the courts never favor forfeitures.

5. CONTRACT: Etxension of Time for Performance: Estoppel. The time of performance of a contract may be extended without a new consideration, since the time of performance is rarely of the essence of the contract unless expressly so stated in it, and where a party is granted an extension of time and he acts upon the faith of such extension, the other party is estopped from claiming a forfeiture, short of the time given.

6. ———: ———: Parol Evidence. The fact that the time of performance of a contract is extended may be proved by parol evidence.

7. JUDGMENTS: Judgment by Consent: Agreement as to Satis-faction: Waiver of Time of Performance. Plaintiff and defendant in a suit pending in a circuit court entered into a stipulation that judgment should be rendered in favor of plaintiff for $554 and costs, but that it should be satisfied on tender or payment by defendant of $300 and costs within a specified time, and an entry of record was made by the court in accordance with such stipulation. Defendant paid $300 in two installments, but not within the time originally stipulated, and thereafter plaintiff caused an execution to be issued for $254, whereupon defendant filed a motion to quash the execution upon the ground that he had discharged the judgment by paying the sum of $300 within the time granted him by a parol extension. *Held*, that the time of performance could be

waived by plaintiff, and that whether, under the evidence, it was waived, was a question for the jury.

8. **APPELLATE PRACTICE: Conclusiveness of Findings of Fact.** A finding of fact based upon substantial evidence is conclusive, on appeal.

9. **PAYMENT: Receipts: Conclusiveness.** Receipts are not conclusive and cannot prevail against what was the manifest purpose and intention of the person making the payment.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

AFFIRMED.

*Kurt Von Reppert* for appellant.

Mere oral promises or agreements to accept less than the amount fixed by the judgment of consent, and though entered into prior thereto or contemporaneous with the stipulation for judgment, are a nullity. Knight v. Cherry, 64 Mo. 513; 23 Cyc. 1478d; Plunkett v. Black, 117 Ind. 14; Terrett v. Brocklynn Imp. Co., 87 N. Y. 92; Codding v. Wood, 112 Pa. St. 371; Maute v. Gross, 56 Pa. St. 250; Schilling v. Durst, 42 Pa. St. 126; Pharis v. Leashman, 20 Ala. 662; Malone v. Railroad, 1 Pa. L. Rep. 380; Thurmont v. Georgia Bank, 27 S. W. 317; Potter v. Hartnett, 148 Pa. St. 15; Ives v. Phelps, 16 Minn. 451; Germ. Bank Iron Works, 123 Iowa, 516; Walker v. Crossly, 38 Minn. 34; Fowler v. Smith, 153 Pa. St. 639; Thayer v. Macory, 36 Me. 287; Hardy v. Reynolds, 69 N. C. 5; Musser v. Gray, 31 Pac. 568; Harris v. Mott, 97 N. C. 103; Baxter v. Hayland, 13 Neb. 571; Neal v. Handly, 116 Ill. 418; Bisland v. McManomy, 82 Ind. 139; Stoutenberger v. Huisman, 93 Iowa 213; Booth v. Campbell, 15 Md. 567; Jones v. Rickett, 7 Md. 108; Mollineux v. Collier, 13 Ga. 406; Fletcher v. Mergler, 97 Ind. 223.

. REYNOLDS, P. J.—Plaintiff, appellant here, and defendants entered into a stipulation to the effect that judgment might be rendered by the circuit court of St. Louis county in a certain cause in which appellant was plaintiff and respondents defendants, for the sum of $554 and costs, and that the judgment "will be satisfied and acknowledged as satisfied by the plaintiff upon payment or tender to him of $300 and costs of suit if made on or before July 15, 1910, execution to be stayed until July 20, 1910." This was signed by the parties and filed in court. Thereupon, on March 2, 1910, the following entry of record was made: "Ordered by the court in accordance with the stipulation filed herein this day that the judgment entered in favor of said plaintiff and against said defendants for the sum of $554 and costs, be satisfied upon the payment by said defendants to said plaintiff the sum of $300 and costs on or before July 15, 1910, and that execution be stayed until July 20, 1910." Other than this nothing purporting to be a judgment was entered in that cause.

It appears that afterwards, and on the 15th of July, 1910, defendant Eugene Guerre went to the office of the attorney for plaintiff and tendered him $150 on account of this judgment and asked for an extension of time in which to pay the balance. That attorney told him that he could not accept this or grant the extension until he had seen his client, Mr. Schwiete, and that he would let him know about it in a day or so. On the 18th of July Mr. Schwiete called up Mr. Guerre and told him (Guerre) he was coming down town. Guerre and Schwiete agreed to meet at the office of the attorney for the former at half past four o'clock that day. The parties met, plaintiff's attorney also being present, and Schwiete being asked by his attorney if he was satisfied to take $150 and extend the execution, said he was. Guerre accordingly paid over to the attorney $150 and plaintiff agreed to give an extension to the 12th of August, same year. Whereupon the attorney for plain-

tiff gave a receipt in favor of defendants for $150, "on account of judgment rendered and entered of record in Clayton, Missouri, on March 3, 1910, in favor of Peter Schwiete and against Eugene and Estella Guerre; execution extended until August 12, 1910." On the 12th of August Guerre went to the office of the attorney, as he testified, three times in the afternoon but did not find him in. On the 13th of August he again went to the office and met the attorney and paid him $150, that attorney giving him a receipt for "the further sum of $150 on account of judgment in case of Schwiete v. Guerre, in Clayton, Missouri, March 3, 1910." This was signed by the attorney, as attorney for Schwiete. Guerre testified that nothing was said to him about this extension of execution and that all he thought was remaining due were the costs, and he asked the attorney what the costs were. The attorney said that he did not know the amount; that he had paid those costs himself; that it was his own money; that he was going to leave town for the North somewhere and would be back by the first of the next month and would then let Guerre know; but that the attorney had never let him know what the costs were, although he (Guerre) was ready and willing at that time to pay the costs; was willing to have paid them that afternoon; that he afterwards ascertained what the costs were and had paid the costs that had accrued in the case up to September 1, 1910; that nothing was said about anything more being due on the judgment. This is the substance of the testimony for defendants.

The only testimony for plaintiff was given by his attorney, who denied making any arrangements or promises of any kind, and denied that he had accepted the $300 except as set out in the receipts. He testified that he had not mentioned the fact when this last payment was made that defendants still owed a balance; that he had never said a word to Guerre about this and Guerre had asked him nothing concerning it. He was

asked if he had led Guerre to believe that he would hold him for the balance of the judgment. He answered, "Plainly so; I don't know what he believed; I cannot read his mind." Asked by the court, "Did you say anything that would indicate to him that made him believe it?" He answered, "My receipt on its face shows that I intended to enforce the balance of the judgment; I said 'on account of judgment.'"

On October 19, 1910, the plaintiff sued out an execution in his own name, the execution purporting to be based on the foregoing judgment, and reciting that the judgment was for $554, and that a balance of $254 debt and damages, together with six per cent interest per annum on the total amount of the judgment from the date of rendition thereof and costs remained unpaid. Whereupon defendants filed a motion to quash the execution, setting out the judgment as entered, containing the stipulation mentioned, the payment of the $300 agreed upon; that defendants were ready and willing and, at the date of rendition of the judgment, offered to pay the costs to plaintiff's attorney, who stated that he did not know the amount but would ascertain them and inform defendants; that it was then agreed that defendants would pay the costs on or before September 1, 1910, or as soon thereafter as plaintiff's attorney advised them of the amount. That notwithstanding all this, plaintiff, without notifying defendants of the amount of the costs, sued out the execution above mentioned and that under it the sheriff had levied upon property of defendants. It is charged that by reason of the premises the execution is void, the debt having been paid, and that the execution was issued in fraud of the rights of defendants. It is also charged that the judgment had been assigned and the execution was irregular in that it was not issued in the name of the assignee. It was on the hearing of this motion that the foregoing testimony was given, the motion being op-

posed by plaintiff and also by the party to whom the judgment had been assigned.

At the conclusion of the hearing the court found for defendants, sustained the motion and quashed the execution, requiring defendants to give bond as provided by section 2245, Revised Statutes 1909. From this Schwiete for himself and for his assignee, one J. A. Steinhauser, has appealed.

It appears that the judgment had been assigned to another party but as that was done in December, 1910, and after the issue of the execution, we do not think section 2158, Revised Statutes 1909, applies.

We are in some doubt as to whether there is any judgment, technically considered, here at all. Its form certainly is unusual and it lacks most of the essential features of a judgment. It purports to be a judgment by consent, not on confession, and in form and in legal effect is a contract of record—practically a contract in the form of a bond with a penalty for its nonperformance within a time stated. Like any other contract it is to be construed in its entirety; as in case of any other contract with a penalty, the penalty will not be strictly enforced, unless clearly incurred, for courts never favor forfeitures. Considering this judgment—or contract—it appears as distinctly a part of it that it was to be satisfied upon the payment by the defendants to plaintiff of the sum of $300 and costs on or before July 15, 1910.

The learned counsel for appellants very strenuously insists that admitting evidence as to the extensions claimed to have been made and the effort to treat the $300 as satisfying the judgment is a contradiction by parol of the judgment, and that there is no consideration on the face of the stipulation to support the agreement to accept $300 in full of the entire judgment for $554 and costs. Counsel argues that "the judgment being an entirety and conclusive between the parties, such an agreement, unless for a consideration, was

a *nudum pactum.*'' That the judgment is an entirety is true. So is any contract. The fallacy of the conclusion of this argument of counsel is that it ignores the fact that by the stipulation itself and the judgment entered upon it, the debt was agreed to be $300; payment of that sum within a specified time was to satisfy the debt; nonpayment within the time subjected defendants to a forfeiture of a larger sum—even if we concede that the larger sum represented liquidated damages and was not a penalty. This is not the case of a contract by which one releases the debt for less than the true amount; it is a contract between the parties for the settlement and compromise of a controversy between them. They were free to do that on their own terms.

Even if we were to place this judgment on the footing of an ordinary one and as for $554, we might then apply to it the rule suggested by our Supreme Court in Knight et al. v. Cherry et al., 64 Mo. 513, where it is said (l. c. 515): ''There are numerous cases to the effect that where judgment has been confessed for a certain sum, not as an ascertainment of so much *actual* indebtedness, but only as security for so much as might thereafter be ascertained to be due, an attempt to collect the whole amount of the judgment would be such a fraud as would authorize the interposition of a court of equity.'' Keighler v. Savage Mfg. Co., 12 Md. 383, is cited in support of this. In that case the Court of Appeals of Maryland held that if a judgment is confessed with the agreement that it is not an ascertainment of so much actual indebtedness, but only a security for so much as thereafter might be ascertained to be due, equity will prevent any use of the judgment for a different purpose, but the proof of such an agreement must be absolutely full and explicit, so as to leave no doubt on the mind of the court.

It is true that these decisions cover the matter of judgments by confession, not by agreement or consent,

as is this, but we think that here we may apply the same rule as there applied. In the case at bar there was no need, as in the Keighler case, to weigh the proof of the agreement; this entry of record contains in itself proof of the agreement. Nor is this the case of an outside collateral agreement made prior to or after the judgment and seeking to control it or change its terms. That this cannot be done, except on an adequate consideration and on clear proof, even that the judgment cannot be altered by parol, may be true, as counsel argue. But that is not this case. All that is really involved in this motion, as before the trial court and before us, is whether plaintiff had waived performance within the time specified. That the $300 and costs were paid is not contradicted. Appellant, plaintiff below, claims that strict compliance was essential, and that failing to meet the payments at the time stipulated, the parties were relegated to their original contract; that the stipulation cannot be varied by parol; that to attempt to do so even by written contract, as against a judgment, is a nullity. Herein lies the fundamnetal error of the learned counsel for appellant. Time of performance is rarely of the essence of a contract unless expressly so stated in the contract. It may be extended and the fact of extension proved by parol; to do this needs no new consideration. The rule applied is not as on a new or altered contract, but on the principle of estoppel. Giving a party an extension of time estops one from claiming a forfeiture short of the time given, if the other party has acted upon the faith of the extension given.

To extend the time of payment did not vitiate the agreement; did not nullify it. Whether there had been a waiver of time of performance, was a question of fact for the determination of the trial court. It having been found on substantial evidence by that court that there was a waiver, we, as an appellate tribunal, are concluded.

Appellant relies on the receipts given. We have set them out. But receipts are not conclusive and cannot prevail against what was the manifest purpose and intention of the defendants when they made these two payments. Beyond all question the evidence tends to show that Guerre, notwithstanding the receipts, was acting under the impression that he was making these payments in accordance with the stipulations of the record entry; there was nothing said to him by plaintiff or his attorney to disabuse his mind of this impression; the receipts themselves did not tend to do this, for when the last one was given, the costs had not been paid, and if Guerre noticed the clause in that receipt as to extension of time to issue execution until September 1st, he might well have inferred that this was to secure the payment of costs by that date. To repeat, the question of waiver of the time of payment, was a question of fact for the determination of the trial court and his finding on that concludes us, supported as it is by substantial evidence.

We see no error in the action of the court in quashing the execution and its order and judgment to that effect is affirmed. *Nortoni* and *Allen, JJ.,* concur.