Harmon v. Lee.

HARMON *v.* LEE.

Where a defendant is not found, and service is made under section 1721 of the Code, the return on the original notice must state the time and manner of service—at whose house the copy of the notice was left, and the name of the person with whom it was left—or a sufficient reason must be given for omitting to do so.

Where the requirements of the statute as to service, are not observed, the defendant is not in court, and any judgment against him is erroneous.

Where an original notice was returned as follows: "Served as to J. S., by leaving a copy with E. K., a person over fourteen years of age," and judgment by default, for want of an appearance, was rendered against J. S., for the sum claimed; *Held*, That the service was insufficient to give the court jurisdiction, or to authorize judgment against the defendant.

*Appeal from the Story District Court.*

SATURDAY, JUNE 12.

The notice in this case was returned, "served as to Jonathan See, by leaving a copy with E. Kelly, a person over fourteen years of age." There was no appearance by defendant, and judgment by default was rendered against him for the amount claimed. The defendant appeals.

*J. T. Frazier,* for the appellant.

No appearance for the appellee.

STOCKTON, J.—There was no service in this case as required by the Code, (section 1721), sufficient to give the court jurisdiction, or to authorize judgment against defendant. If not found, the defendant may be served by leaving a copy of the notice at his usual place of residence, with some member of his family, more than fourteen years of age. The return must state the time and manner of service — at whose house it was left—and the name of the person with whom it was left—or a sufficient reason must be given for omitting so to do. Where these requirements of the statute, as to the service, are not observed, the defendant is not in court, and any judgment against him is erroneous, and must be reversed. *Pilkey* v. *Gleason,* 1 Iowa, 85.

Judgment reversed.