## THE STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1861.

In the sixteenth year of the State.

---

PRESENT:

HON. RALPH P. LOWE, CHIEF JUSTICE.[1]
  "   CALEB BALDWIN.[2] } JUDGES
  "   GEO. G. WRIGHT. }

---

## LYON v. THOMPSON et al.

1. SERVICE OF NOTICE. A return showing a service of notice, by leaving a copy at defendant's usual place of residence, should show that the person to whom the copy was delivered, was a member of the family.

*Appeal from Johnson District Court.*

WEDNESDAY, OCTOBER 16.

THE facts appear in the opinion of the court.

*Clarke & Davis* for the appellant. The return of the

---

(1.) On the 1st day of January, 1862, HON. CALEB BALDWIN, under the provisions of §§ 8 and 11, art. 5, Const. of 1851 became the Chief Justice of the Supreme Court. Upon the same day, Hon. RALPH P. LOWE took the oath and entered upon the discharge of his duties as a Judge of the Supreme Court, to which position he had been elected at the October election, 1861.

(2.) BALDWIN, J., was absent on account of illness, from the argument term held at Davenport, in October, 1861, and took no part in the determination of any causes in which opinions were filed at that term.

sheriff to the original notice shows no legal service upon Thompson. It does not show that Mrs. Ann Thompson, with whom the copy was left, was a member of the family of said Thompson. The statute requires this, Code of 1851, § 1721. See also, *Converse, Administrator* v. *Warren*, 4 Iowa 158; *Pilkey* v. *Gleason*, 1 Ib. 85; *Davis* v. *Burt et al.*, 7 Ib. 56; *Neally* v. *Redman*, 5 Ib. 387. For this error the decree must be reversed, as to Thompson, and we think, as to all the defendants.

*McKay & Bradley* for the appellee.

WRIGHT, J.—Judgment by default. The point made in this court is, that Thompson, one of the defendants, was not served with notice of the pendency of the action. The sheriff's return as to him is: "Served by leaving a copy of this notice with Mrs. Ann Thompson, the mother of J. W. Thompson, at his usual place of abode, she being more than fourteen years of age, and by reading this notice to her, and informing her of its contents; said J. W. Thompson not being found in my county. January 25th, 1860."

This return is defective in not showing that Ann Thompson was *a member of the family* of the said J. W. Thompson, or of that family where he had his residence. (Code 1851, § 1721.)

The judgment is reversed as to Thompson, and affirmed as to the other defendants.