ALLEN v. ROGERS.

**Practice:** CROSS PETITION: NOTICE: DEFAULT. An action at law was commenced by attachment to recover rent against a non-resident, upon whom no service was made, and who made no appearance to the action. The cause was afterward referred to a referee. Some two years after this reference, the defendant filed a cross petition in equity against plaintiff and another, claiming the title to the property for which the plaintiff claimed rent, praying to set aside certain sheriff's sales, and for other equitable relief. No notice of this cross petition was ever served upon the plaintiff, nor did he know of it. Four years after it was filed, a decree, upon *ex parte* evidence, granting the relief prayed in the cross petition, was entered against the plaintiff. Plaintiff, upon learning of this, made a motion to set it aside, on the ground that he had no notice of the cross action in which it was rendered. *Held*, that the motion should have been granted, and the plaintiff allowed an opportunity to be heard.

*Appeal from Polk District Court.*

TUESDAY, APRIL 13.

PRACTICE: CROSS PETITION: NOTICE: DEFAULT. — In July, 1867, a decree was entered on a cross petition in equity, filed by the defendant Rogers against Allen and one Hussey, in which affirmative relief of various kinds was given to Rogers. Allen's suit had been commenced in July, 1860 (before the Revision), against Rogers alone, claiming rent, to the extent of one hundred dollars. Rogers was alleged to be a non-resident; and there is no

evidence of service upon him. Allen's suit against Rogers was commenced by attachment, and Hussey was garnished, but never answered. In 1861 (Rogers not having then been served, and not having answered), the court referred the cause to a referee, and this order was never rescinded.

In 1863, Rogers filed the cross petition in equity, above referred to, against Allen and Hussey, claiming the title to the property for which Allen claimed rent, praying to set aside certain sheriff's sales; that the judgments under which they were made be canceled, etc.

In 1867, notice of publication of this cross petition against Hussey is filed; *but no notice thereof was ever served upon Allen, nor did he know of it.* A decree, upon *ex parte* evidence, granting the relief prayed in the cross petition, was entered against Allen and Hussey. In 1868, Allen made a motion to set aside this decree, on the ground that he had no notice of the equitable proceeding in which the decree was rendered. This motion being denied, Allen excepted and appealed.

*C. C. Nourse* for the appellant (Allen).

*M. D. McHenry* for the appellee.

DILLON, Ch. J.— The attachment suit of Allen was commenced before the Revision, and sought simply to recover rent from Rogers. It was at law.

PRACTICE:
cross petition:
notice:
default.

The cross petition is in equity, and is not simply a defensive proceeding, but relates to other matters than those set up in Allen's suit for rent, and makes new parties.

The affidavit of Allen, and the circumstances disclosed in the record, show not only that Allen was never served with any formal notice of the equitable proceedings against him, but that he was, in fact, ignorant thereof; and his rights, by the decree in question, which, so far as

relates to him, is wholly based upon *ex parte* evidence, have been injuriously affected.

His application to vacate this decree was made within a few days after he became aware of its existence. Even if it were conceded (which it is not) that Allen was bound to take notice of the cross petition (the action having been brought under the Code of 1851), yet the circumstances under which it was filed and presented, as shown by the record and by the uncontroverted affidavit of Allen, give him a clear right to have the default set aside, and to be heard upon the merits.

It appears that Allen has ceased to have any interest in the property, having disposed of the same to Hussey, and, hence, did not look after the suit against Rogers, as he had made no service upon him.

After the lapse of nearly three years, the defendant files his answer and cross petition, the latter being in equity, making a new party, and praying affirmative relief. Of this, no notice is served upon, or in any manner given to, Allen. This cross petition sleeps over four years longer, before any decree was taken, and the same was based upon *ex parte* testimony.

Without going more fully into the circumstances, this court is of opinion that the District Court should have allowed Allen an opportunity to be heard.

The cause will be remanded, with directions that this be done, unless appellee shall elect to cancel said decree, so far as it renders any personal judgment against Allen. If appellee shall choose to exonerate Allen from personal liability under the decree, it will be affirmed; since Allen, according to his own showing, has no longer any interest in the property.                    Ordered accordingly.

COLE, J., having been of counsel, took no part in the decision of this case.