STROBEL, Appellant, v. CLARK et al., Respondents.

**St. Louis Court of Appeals, December 3, 1907.**

1. **PROCESS: Return of Officer: Proceeding to set Aside a Judgment:**   The return showing service of process by a sheriff in a proceeding in a probate court is conclusive that service was had, even in a suit in equity to set aside the judgment rendered in such proceeding on the ground that no service was had on the judgment debtor, unless it can be shown that the plaintiff procured the sheriff to make a false return, or, knowing the return to be false in fact, took advantage of the falsehood to obtain judgment.

2. **JUDGMENTS: Attacking Jurisdiction: Probate Courts: Evidence Outside the Record.**   Where a court has jurisdiction of the subject-matter of a' cause and of the parties, its judgment in the absence of fraud imports absolute verity and cannot be attacked by evidence *aliunde* for the purpose of showing the want of jurisdiction.   This applies to a proceeding in the probate court to compel an executor to make final settlement; in such a proceeding, evidence cannot be admitted, outside the record and judgment roll, to show that the court included in the judgment matters upon which it had no jurisdiction to pass in that case.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Bass & Brock* for appellant.

(1)   Under a proceeding against a former executor for an accounting, the probate court has no power to adjudicate a question in the nature of a discovery of assets, which is a separate action, requiring a different procedure altogether from the other.   R. S. 1899, secs. 74, 75, 76, 77, 78.   (2)   Nor has the probate court any jurisdiction of the subject-matter of adjudicating the title to personal property in any proceedings whatsoever. Smith v. Gilmore, 13 Mo. App. 155; Wilson v. Ruthrauff, 82 Mo. App. 435; In re Estate of Stuart, 67 Mo. App. 64,

(3)   Even a court of general jurisdiction has no power to pass upon questions not presented to it by the pleadings, and when it does so its judgments are void or voidable, as the case may be. Munday v. Vail, 34 N. J. Law 418; 54 Cent. Law Jour. 185, and cases cited; 1 Freeman on Judgments, sec. 120c; Fithian v. Monks, 43 Mo. 502. (4)   This case is in the nature of the writ *audita querela,* and in such a case, as the writ is a direct attack upon the judgment, the party seeking relief may contradict the record. Paddleford v. Bancroft, 22 Vt. 529; Hill v. Warren, 54 Vt. 73; Folsom v. Connor, 49 Vt. 4; 1 Freeman on Judgments, par. 95.   (5)   Matters are considered as jurisdictional in the probate court which are not so regarded in other courts, and when the statute requires a particular notice to be given and such notice is not given, the order based thereon is void. The notice required by statute was not given in this case. 1 Freeman on Judgments, par. 319b; R. S. 1899, sec. 51, art. 2, chap. 1; Crosley v. Calhoun, 45 Iowa 557; Michael v. Hicks, 19 Kan. 578.

*John S. Leahy* for respondents.

The return of the sheriff of the fact and mode of process when appearing in due form of law, is conclusive upon the parties to the record. Hollowell v. Page, 24 Mo. 590; Dellinger's Adm. v. Higgins, 26 Mo. 180; Reeves v. Reeves, 33 Mo. 28; Jeffries v. Wright, 51 Mo. 215; Phillips v. Evans, 64 Mo. 23; Heath v. Railway, 83 Mo. 623; Decker v. Armstrong, 87 Mo. 316; Young v. Baird, 124 Mo. 690.

GOODE, J.—This is an action in the nature of a suit in equity instituted to set aside and hold for naught a judgment of the probate court of the city of St. Louis, to restrain the defendant Patrick H. Clark, sheriff of said city, from paying over money which had been col-

lected on said judgment. The cause in which the judg-
ment of the probate court was entered was a proceeding
instituted therein by Henry Troll, public administrator
in charge of the estate of William A. Baier, deceased,
against the plaintiff, John Strobel, to compel the latter
as executor of the will of said Baier, to make final set-
tlement and turn over to Troll the assets of the estate of
the deceased. Baier died July 17, 1905, leaving what
purported to be a last will in which all his property, real
and personal, was bequeathed to plaintiff and his wife
Molly Strobel, and plaintiff was appointed executor
without bond. After the will was probated, letters tes-
tamentary were issued and plaintiff took possession of
the assets of the estate. At a still later date the heirs
of William A. Baier, began an action in the circuit court
against plaintiff and his wife Molly Strobel, to set aside
the alleged last will of Baier. On the institution of
this action to contest the will plaintiff was removed from
the office of executor, pending the contest, Henry Troll,
public administrator, was put in charge of the estate
and plaintiff was ordered to turn over to said Troll the
assets. Troll is still in charge. It appears Strobel
did not turn over the assets to him and on December 28,
1905, Troll, as public administrator in charge of the
estate, filed a motion in the probate court setting out
that he had been appointed administrator pending the
will contest; that Strobel had been previously granted
letters testamentary as executor and his authority
had been revoked pending the action to contest the will,
but nevertheless Strobel had made no settlement with
Troll, administrator *pendente lite,* and had not turned
over any of the assets. The prayer of the motion was
that the court would compel Strobel as executor, to make
final settlement of his accounts to the end that the court
might ascertain the amount of money and property which
came into his hands as executor and remained unac-
counted for, and enter judgment in favor of petitioner

Troll as administrator in charge of Baier's estate, for said assets and personal property. Process was issued by the probate court, commanding the sheriff to notify Strobel to appear before the judge of the probate court on the first day of the ensuing term, to-wit, the first Monday in March, 1906 to answer in the proceeding. Said process was returned executed by delivering a true copy to Strobel January 26, 1906, in the city of St. Louis. The return was signed Patrick H. Clarke, Sheriff, by John Ehrhardt, Deputy. It is contended by the plaintiff in the present action that in point of fact he never was served with the notice, and the return was false. That is one ground on which he asks to have the judgment of the probate court set aside. The proceeding by Troll as public administrator in charge of the estate of William A. Baier, deceased, against Strobel as executor of the will of said Baier, resulted in a judgment by default in the probate court. Said judgment recited that Strobel having made default, the court proceeded to ascertain the amount of money, the quality and kinds of real and personal property and all the rights, debts, evidences of debts and papers of every kind of said William A. Baier, deceased, in the hands of Strobel as executor, or which came into his hands and remained unaccounted for at the time of the suspension of his letters testamentary; further, that the court having heard and duly considered the petition of Troll as public administrator and the evidence adduced, found Strobel, at the time of the suspension of his letters, had in his hands as executor of said last will and belonging to the estate, the sum of $935 in money. It was therefore considered and adjudged by the probate court that Troll have and recover from said Strobel the sum of $935, together with costs and have execution therefor. No appeal was prosecuted from this judgment, but this fact is sought to be explained away in the petition in the present case, on the ground that as plaintiff was not served with notice

he had no knowledge of the judgment in time to take an appeal; that in fact he had no knowledge of it until execution had been issued against him; which was after the time for appealing had passed. It is charged in the bill that the defendant Patrick H. Clarke, as sheriff, caused such execution to be levied on the business property of plaintiff and the latter, in order to prevent his business, which was conducting a grocery store, from being stopped by sale of the property, paid to the sheriff, under protest, the amount of the judgment, which said amount of money is alleged yet to be in the sheriff's hands. Besides the alleged invalidity of the judgment of the probate court in consequence of the failure to notify plaintiff of the proceeding in which it was entered, it is further stated in plaintiff's present petition that said judgment is void and a nullity for the reason that the probate court included in it the amount of a personal debt supposed to be owed by plaintiff to Baier for rent which accrued during Baier's lifetime; and further included the amount of certain supposed assets of the estate which plaintiff never had inventoried as assets, but which, in said probate proceeding, plaintiff was ordered to discover as being part of the estate. It is stated that plaintiff, as executor, had only inventoried assets of the value of $15, whereas the other supposed assets not inventoried but included in the judgment against plaintiff, amounted to $400. The petition does not state the amount of the rent which had accrued against plaintiff as tenant of Baier during the latter's lifetime and which was embraced in the judgment. But the amount of this item may be gleaned from the other allegations of the petition; for it would appear that this amount will be found by taking the sum of the uninventoried assets ($400) plus the sum of the inventoried assets ($15) or $415 in all, from the whole amount of the judgment; that is from $935. If we are right in this computation, the probate court, according to the present

petition, included in the judgment against plaintiff, as executor, $520 for rent which had accrued against plaintiff as Baier's tenant. The petition further complains that though this rent had accrued against plaintiff, only one month's rent was owing at the time of Baier's death, plaintiff having previously paid the remainder to Baier. It is further alleged that plaintiff as executor had paid many claims against the estate of Baier, and these claims amounted to $298.90, for which plaintiff was allowed no credit by the probate court in the judgment in the proceeding against him by Troll. To summarize: the contentions of plaintiff in regard to the invalidity of the judgment of the probate court which he seeks to have annulled and set aside are as follows: First, that said judgment is void or voidable because notice of it never was served on plaintiff as required by law; second, that it is void on account of the court exceeding its jurisdiction, in entering judgment against plaintiff for a debt which the court found he owed Baier, in a proceeding against plaintiff for the amount of the assets of the estate of Baier which had come into plaintiff's hands as executor; inasmuch as said debt, even if it never had been paid, did not come into plaintiff's hands in that capacity; third, the judgment is void as in excess of the court's jurisdiction, in that, in a proceeding against plaintiff as executor to make him settle and turn over the assets in his hands, a judgment was entered which included not only such assets as he had inventoried, but other alleged assets which never had been inventoried or come into his hands as executor. We have sufficiently indicated the scope of the petition or bill. The court excluded practically all the evidence to support it and held, in effect, the petition stated no cause of action. Judgment having been entered for defendants, this appeal was taken.

1. It was not permissible to show by oral testimony in contradiction of the sheriff's return, that plain-

tiff was not served with notice of Troll's proceeding as administrator *pendente lite* against plaintiff as executor. The return of the sheriff was conclusive that he was personally served.     It is useless to go into a discussion of this question or to review the authorities bearing on it.     Suffice to say that in Smoot v. Judd, 161 Mo. 673, the Supreme Court held the return of a sheriff on a summons, while conclusive against the parties to the action in which the summons was issued, was not conclusive in a suit in equity to set aside the judgment in said action on the ground that the return was false.     But said cause reached the Supreme Court again on a second appeal, when the question determined on the first appeal, was reopened, and the prior ruling reversed after a discussion of the proposition in elaborate opinions in which numerous authorities in this State and other jurisdictions were examined. The rule adopted on the second hearing was that even in a suit in equity to set aside a judgment on the ground that there had been no personal service on the judgment debtor, the return of the sheriff showing service, was conclusive that there had been service, unless it was shown the plaintiff in the action fraudulently procured the sheriff to make such a return, or, knowing a false return had been made and in point of fact the defendant had not been served, took advantage of the falsehood to obtain judgment against the defendant by default.     [Smoot v. Judd, 184 Mo. 508, 83 S. W. 481.]     It is not alleged in the petition in the present case that Troll, the public administrator, either procured the deputy sheriff to make a false return of service on Strobel, or had any knowledge that the return was false if, in fact, it was.     There is no attempt, either by allegation or evidence, to connect Troll with any fraud in the matter of the return of the deputy, nor is there an allegation of fraud of any sort in the present petition.     It follows that in so far as plain-

tiff's cause of action depends on the alleged failure to serve him with notice of the pendency of the proceeding in the probate court, the suit must fail.

It is insisted by plaintiff's counsel that in the proceeding to compel Strobel to make settlement and turn over the assets in his hands as executor, the probate court had no jurisdiction to hear evidence concerning, and enter judgment for, a debt Strobel owed the deceased or to hear and determine the issue of whether plaintiff had concealed assets in his hands which had not been inventoried by Strobel as executor. The argument is that different remedies had to be resorted to as to those matters and that to adjudicate regarding them in said proceeding to the plaintiff's prejudice, was an exercise of excessive jurisdiction which rendered the judgment void. We need not determine whether or not the probate court in fact exceeded its jurisdiction, if it adjudicated such demands. As to its right to adjudicate concerning the alleged indebtedness for rent, the decisions appear to be contradictory, as will be seen by reading the following cases: McManus v. McDowell, 11 Mo. App. 436; Ridgeway v. Kerfoot, 22 Mo. App. 661. We have recited the substance of the entry of the judgment of the probate court. It does not appear from said entry that the court included in its judgment the indebtedness of Strobel to Baier or an order that Strobel should pay over to Troll any assets belonging to Baier's estate which had not come into his (Strobel's) hands as executor. The judgment recites the court found on hearing the evidence, that at the time of the suspension of Strobel as executor, he had in his hands as executor belonging to the estate, the sum of $935; and it was for this sum that judgment was entered. What we have to determine, therefore, is whether or not it was competent for plaintiff, by oral testimony, or other evidence outside the record of the proceedings in the probate court, to prove that in fact

said court did hear evidence as to a personal indebtedness of Strobel to Baier and as to uninventoried assets, and did adjudicate on said demands and include them in the judgment against Strobel in favor of Troll as public administrator.   When a court has jurisdiction of the subject-matter of a cause and of the parties, its judgment, in the absence of fraud in procuring it (and there is no charge of fraud before us) imports absolute verity and cannot be attacked or assailed by evidence aliunde the judgment roll and record.   [Hope v. Blair, 105 Mo. 85, 93, 16 S. W. 595; Knight v. Cherry, 64 Mo. 513; Crim v. Crim, 162 Mo. 544, 63 S. W. 489.]   It may be conceded that if the recital of the judgment, or the pleadings or other contents of the judgment roll, showed affirmatively the court included those demands in its judgment, and they were in excess of the court's jurisdiction, the judgment would be void. [Fithian v. Monks, 43 Mo. 502.]   But instead of showing this, the record in so far as it speaks on the subject, shows the contrary.   We have failed to find in a tedious search, a precedent in which it was contended it was competent to show by evidence outside the record or roll of a cause, and in contradiction of the record that a court had exceeded its jurisdiction, for the purpose of annulling and setting aside its judgment. To our minds such a proposition is opposed to the fundamental rule that the records of a court import absolute verity.   [Dixon v. Judge, 4 Mo. 286; State v. Taylor, 171 Mo. 465, 71 S. W. 1005.]   The proceeding by Troll was one within the clear jurisdiction of the probate court, and the orders and doings of the court therein are entitled to the same presumptions in favor of their regularity and propriety that would exist in the case of a court of general jurisdiction.   [Rowden v. Brown, 91 Mo. 429, 4 S. W. 129; Price v. Real Est. Assn., 101 Mo. 107, 14 S. W. 57.]   In Covington v. Chamblin, 156 Mo. 574, 587, 57 S. W. 728, the Supreme Court said re-

garding the conclusiveness of an order of a probate court approving a sale of real estate, that said order was a final judgment, "impervious to collateral attack and subject to impeachment in a direct proceeding for that purpose only, for defects apparent upon the face of the record, going to the jurisdiction of the court, or for fraud;" and the succeeding remarks of the court show it meant that fraud which would justify annulling a judgment, was fraud in procuring it to be rendered, instead of in the transactions which gave rise to the litigation. Inasmuch as the return of the sheriff that Strobel was served with process is conclusive, it must be taken for granted Strobel had his day in court, and at the hearing could have presented his defense to any and all demands sought to be discovered by Troll; and, if the court disallowed his defenses, could have appealed from the judgment. This being true, it is certain a bill will not lie to attack the validity of the judgment on allegations impugning the verity of the record and to be supported by evidence *aliunde*.

The judgment is affirmed. All concur.