TOMLINSON v. IOWA STATE TRAVELING MEN'S ASS'N.

(District Court, W. D. Missouri. February 9, 1918.)

1. INSURANCE ⬅627(2)—SERVICE OF PROCESS—"DOING BUSINESS" IN STATE.

An incorporated Iowa insurance association, which maintained no regular agents in Missouri, although it issued certificates of membership to Missouri residents, *held* not to be doing business in that state, so that service could be made on the superintendent of the Missouri insurance department under Rev. St. Mo. 1909, § 7042.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. INSURANCE ⬅627(1)—SERVICE OF PROCESS—AGENTS—FOREIGN COMPANY.

Though the by-laws of an incorporated traveling men's association obligated every member to use his influence further in the interest of the association, members who voluntarily induced others to join are not agents, and do not represent the association to the extent that service of summons on them would be binding on it.

3. INSURANCE ⬅627(2)—SERVICE OF PROCESS—JURISDICTION.

Where the insurance contract between an incorporated association and a member was not a Missouri contract, and the association was not doing business in that state, service on the superintendent of the Missouri insurance department in accordance with the local statutes cannot, on the theory of convenience to the members, be deemed to give jurisdiction over the association.

At Law. Action by Madora G. Tomlinson against the Iowa State Traveling Men's Association, a corporation. On motion to quash service. Motion sustained.

J. Roy Smith and Albert Reeves, both of Kansas City, Mo., for plaintiff.

Frank Hagerman, Henry L. Jost, S. R. Freet, and Clyde Taylor, all of Kansas City, Mo., and Sullivan & Sullivan, of Des Moines, Iowa, for defendant.

VAN VALKENBURGH, J. The service in this case was made upon the superintendent of the insurance department of the state of Missouri under and by virtue of section 7042, R. S. Mo. 1909. The grounds urged in support of the motion are: First, that defendant was not doing business in the state of Missouri, in the sense necessary to warrant service through the state superintendent of insurance; and, second, that, even if it be conceded that the defendant company was doing business within this state in such legal sense, nevertheless the contract sued on was not consummated in this state, but in the state of Iowa; that it was therefore not a Missouri contract, and the constructive assent of the company to the terms prescribed by the local statute for service of process will not be implied as to business not transacted in this state. Both parties have filed affidavits in support of their contentions on this motion.

[1, 2] I am of opinion that the defendant is not doing business in this state in any substantial sense. If it is, then in practically all cases where policies of insurance are issued by foreign companies to citizens of Missouri they can and must be held to be doing business here. It

is, of course, conceivable that the business may be conducted entirely by correspondence without the intervention of personal suggestion; but that is rarely the case.

The defendant is located at Des Moines, Iowa. Its by-laws provide that all applications for membership shall be presented to the board of directors, who meet only in Des Moines, and no person shall be considered as a member, nor shall the association be liable, in any manner, to any person as a member therein, until the said directors have accepted his application and a certificate of membership has been issued to him. The consummation of the contract is accomplished by the successive acts of acceptance and the issuance of the certificate. The contract of insurance is therefore completed in the state of Iowa, and the affidavits of the president and of the secretary and treasurer of defendant positively and affirmatively state that such was the procedure in the instant case. The affidavits of plaintiff do not satisfactorily meet defendant's proofs in support of the motion. The nearest approach to a positive allegation on this point is contained in the affidavit of the plaintiff, who says that:

"To the best of her knowledge and belief said policy in suit was made, executed, and delivered to the said John C. Tomlinson in the city of St. Louis, Mo."

Such an averment savors of hearsay, tenders a mere conclusion, and evades the responsibility of positive statement, by falling back upon the best secondary substitute of knowledge and belief. Such an allegation cannot stand against direct testimony dealing with concrete facts from which a conclusion necessarily and legally follows, and this allegation of the plaintiff is the only allegation which deals with the execution and delivery of the policy in suit. It is true that the affidavit further deals with notices of assessments, receipts for dues, and the adjustment of a prior accident conducted by mail, and matters of that nature. Such acts would be ineffective to evidence the doing of business in this state in the sense involved, and their recital goes far to indicate plaintiff's conception of a proper basis for the knowledge and belief which she alleges. The same general criticism may be made of the other affidavits filed by the plaintiff in opposition to the motion. None of them deals with the policy in suit. They do bring out, however, the main ground upon which it is contended that the defendant is doing business in this state, and is therefore subject to the notice by summons served upon the insurance department.

The by-laws contain the following altogether general provision:

"Every member of this association shall use his influence in furthering the interest of the same."

As is stated in the affidavit of the president, from time to time circular letters are written to the several members of the association urging them, in the spirit of this by-law, to acquaint their brother traveling men with the virtues of said association and the advantages of membership therein; but the defendant has no paid agents, servants, officers, nor representatives to secure members or solicit applications for membership. The services of the members in this regard, if ren-

dered, are purely voluntary and without consideration, neither are their activities directed toward any particular locality; nor do they contemplate the confines of any state. It will be noted that the defendant is a traveling men's association. Traveling men meet in all parts of the country. A member of the association from Maine may meet a Missouri commercial traveler in the state of Washington, and there suggest to him the attractions of a certificate in this Iowa company. The fact that the same sort of transaction may have taken place in Missouri between citizens of Missouri, or between a citizen of Iowa and a citizen of Missouri, does not alter the case. The by-law itself, when passed, probably did not contemplate the circulars to which reference has been made, and certainly neither by-law nor circular has in view any particular locality in which the member shall use his influence in furthering the interest of the association. These so-called agents of the defendant, who are relied upon as localizing its business in Missouri, represent the defendant in no such sense as would authorize and validate the service of summons upon them in such manner as to bind the company. Higham v. Iowa State Travelers' Ass'n (C. C.) 183 Fed. 845. In resolving the questions of fact presented by the affidavits, necessarily the court cannot put out of mind the business methods of the defendant of which it has acquired judicial cognizance. I conclude, therefore, that the defendant is not doing business in this state in any substantial legal sense, and that the certificate sued upon is an Iowa, and not a Missouri, contract.

[3] As the contract in question was not a Missouri contract, the case falls directly within the doctrine announced by the Supreme Court in Old Wayne Mutual Life Ass'n v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345. The ruling in this case is in no wise affected by that of the Supreme Court in Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. Ed. 782. In the latter case it does not appear where the contract was made, and the questions under consideration differ widely from those at bar. The opinion discloses no purpose to modify the principle announced in the Old Wayne Case.

Nor is the situation changed because, in the latter case, it was necessarily admitted, by the court procedure adopted, that the policy was an Indiana contract, sought to be enforced in Pennsylvania. Here it is established by the proofs that this is an Iowa contract, upon which recovery is sought in Missouri. In the Old Wayne Case both the assured and the beneficiaries were citizens and residents of Pennsylvania, in which state the original action was instituted, as here both insured and beneficiary are residents of Missouri. In both cases the contract was made without the state with equal effectiveness. It follows equally that jurisdiction cannot be acquired in the manner attempted.

It is true that it is less convenient, and probably more expensive, for the plaintiff to prosecute her action in Iowa, where valid service can readily be procured; nevertheless this is one of the incidents of doing business with a foreign insurance company of the character of this defendant, which does business almost, if not quite, exclusively

with commercial travelers who live in widely separated localities. It may be doubted whether the burden imposed upon the entire membership of such an association, depending, as it does, entirely upon moderate assessments for the payment of losses, as a result of being compelled to defend presumably in every state of the Union, would not outweigh the physical and financial inconvenience of the individual beneficiary. However this may be, the law must be administered as it is found to apply, and the plaintiff is not left without her remedy, but may pursue it, if valid and subsisting, in the proper jurisdiction.

The motion to quash is sustained.