## SHWAYDER v. ILLINOIS COMMERCIAL MEN'S ASS'N.

(District Court, D. Colorado. December 21, 1918.)

No. 6766.

1. INSURANCE ☞814—PROCESS—"DOING BUSINESS" IN STATE.

A mutual insurance society, organized under the laws of Illinois, which had no paid employés to go about the country soliciting members, and which only accepted members on receiving their application with the first installment of dues at Chicago, *held* not "doing business" in 'the state of Colorado, so that attempted service of summons by leaving a copy with the state insurance commissioner did not give the Colorado court jurisdiction over the society.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. INSURANCE ☞814—PROCESS—AUTHORITY OF AGENT.

A member of a mutual insurance society, having its principal office in the state of Illinois, who solicited residents of Colorado to apply for membership, but received no compensation therefor, etc., *held* not an authorized agent of the association, and so the association could not be served in Colorado by leaving copies of the summons with such member.

At Law. Action by Rachael L. Shwayder against the Illinois Commercial Men's Association, a corporation, begun in the state court and

removed to the federal court. On motion to quash service of summons. Motion granted.

David E. Rayor and C. Clyde Barker, both of Denver, Colo., for plaintiff.

Hindry, Friedman & Brewster, of Denver, Colo., for defendant.

LEWIS, District Judge. This case is here on removal from the State Court, and the defendant has entered a special appearance in order to move that the service of process issued by the State Court be quashed. There are affidavits supporting and opposing the grounds of the motion, they being that the defendant was not doing business in the State of Colorado, and that the parties on whom service was had did not represent it. There is no basis for dispute as to the real facts. The affidavits disclose that the defendant is a mutual insurance society organized under the laws of Illinois. It extends the privilege of becoming members of the society to a restricted class, viz. traveling men. It has no paid employés to go about the country soliciting members or transacting any business for it. It depends solely upon the good will and enthusiasm of those who are already members. It periodically sends to members circular letters, calling their attention to the advantages of membership, and requesting that they commend the society to other traveling men with a view to having them make application for membership. The universal procedure in acquiring membership is this: The applicant makes out his application in his own handwriting and mails it, with the first installment of dues, to the defendant at Chicago. The Board of Directors sit at Chicago to pass upon all applications. If an application be approved a certificate of membership is then issued to the applicant and mailed to him at his post office address indicated in his application. In the event of the death of a member proof of that fact is made out and sent to the defendant at Chicago. There is no agent or officer in Colorado who can receive such proof or pass upon its sufficiency, or who is authorized in any respect to deal with the beneficiary in adjusting the claim. The service was attempted in a twofold manner; that is, by leaving copies of the summons with the State Insurance Commissioner, and also with James R. Mitchel.

[1, 2] Under the state statute the service had by leaving copies with the State Insurance Commissioner would have been good if the defendant was doing business in this state, and the service had on James R. Mitchel would have been good if the defendant was doing business in this state and Mitchel was, at the time, its agent or representative to the extent required for that purpose. Mitchel was a member of the society, and the sole basis for the plaintiff's claim that the service on him was good, as is shown, is that it appears that he, on various occasions, solicited parties to send in their applications for membership; that he was requested to do so by circular letters received by him from the defendant, and that in this way he had authority to solicit members; that he was provided with blank forms of application, and those forms required that the applicant must be recommended by a member; that he, in September, 1917, solicited one

Kobey, and that he forwarded Kobey's application when made out, and enclosed his personal check therewith for $2.10, in payment of Kobey's dues, and that said application was accepted and Kobey received as a member. On these facts I find that neither of the elements requisite to the validity of the service exists. They do not sustain but repel any conclusion that the defendant was "doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state the process will be valid only if served upon some authorized agent." Railway Co. v. McKibbin, 243 U. S. 265, 37 Sup. Ct. 280, 61 L. Ed. 710. Other cases in addition to those cited by counsel for the defendant, establishing the lack of jurisdiction over the person of the defendant, are Tobacco Co. v. Tobacco Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Simon v. Railway Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492; and Toledo Co. v. Hill, 244 U. S. 49, 37 Sup. Ct. 591, 61 L. Ed. 982.

The motion to quash the service of summons on both Mitchel and Fairchild, the State Insurance Commissioner, is sustained.