SACY STIER, Appellant, v. IOWA STATE TRAVELING MEN'S ASSOCIATION, Appellee.

**JUDGMENT:** **Foreign Judgment—When Impeachable.** A judgment of a sister state, when sued on in this state, is subject ·to plea and proof that it was rendered without service of notice on the defendant, even though it was rendered on a return of service which, under the law of the sister state, is unimpeachable until set aside by direct proceeding.

Headnote 1.  34 C. J. p. 1142.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

DECEMBER 27, 1924.

ACTION on a foreign judgment. Trial to the court without a jury. The trial court found that no legal service of the pendency of the action in Missouri was served on the defendant, and that the judgment there rendered, upon which this action is based, was void and of no force and effect. Judgment was entered in favor of defendant, and plaintiff appeals.—*Affirmed.*

*Redmond S. Brennan, Stipp, Perry, Bannister & Starzinger,* and *Frank Bonar Hegarty,* for appellant.

*Sullivan & Sullivan* and *Donald Evans,* for appellee.

PRESTON, J.—Plaintiff's claim is founded upon an alleged judgment which plaintiff obtained against the defendant in an action at law in the circuit court of Jackson County, Missouri, sitting at Kansas City. The insurance contract was on the life of Frederick C. Stier, late husband of the plaintiff. The action in Missouri was begun on April 20, 1921. Plaintiff claimed the amount due under said contract of insurance. Judgment by default was rendered in her favor, and against the defendant, for $6,075. This action was brought in Polk County, June 17, 1922. Appropriate exhibits were made part of the petition. The exhibits consisted of the judgment entry of the Missouri court, the summons, and sheriff's return, all duly authenticated. The action was brought under the full faith and credit clause of the Federal Constitution, requiring every state to give full force and effect to a judgment of a sister state. It is conceded that the Missouri court is a court of record and general jurisdiction. Defendant concedes that such court had jurisdiction of the subject-matter, if it obtained jurisdiction of the person of defendant by the service of summons. At the trial, defendant did not dispute or deny that the records offered by plaintiff were as claimed.

By answer, defendant denied that the court rendering the judgment acquired any jurisdiction over it by reason of the service of the summons upon Dr. Bohan, because Dr. Bohan was not, in fact, its agent; and alleged that defendant was not transacting business in the state of Missouri, and had no business office therein. Defendant also claims that the judgment rendered in Missouri was wanting in due process of law, and contrary to the provisions of the Fourteenth Amendment to the Federal Constitution, and that the plaintiff is not entitled to recover upon it in the courts of this state. Plaintiff's claim is that the judgment is conclusive, and was based upon an unimpeachable return by the sheriff, which is not subject to attack.

The trial court, over plaintiff's objection, permitted defendant to introduce parol evidence in regard to the service and the sheriff's return of service in the Missouri action, tending to prove that service on Dr. Bohan was not service on the defendant.

Deceased had, for about ten years prior to his death, held a certificate of membership in defendant association. He was a resident of Oklahoma. His application was sent to the defendant from Oklahoma on January 23, 1911, by one Watts, who was, we assume, a member of the association. It appears that for a time the mailing address of deceased was Corsicana, Texas, in 1913, but that it was afterwards changed to Muskogee, Oklahoma. Deceased maintained his membership in good standing up to his death. Plaintiff, as beneficiary, claimed that she was entitled to the benefits and proceeds of the certificate. Stier died September 25, 1920. Seasonable and appropriate claim was made against defendant on behalf of plaintiff, and the claim was rejected. Thereupon, she brought this suit, as before stated.

Defendant is an association organized under Iowa law, and maintains no office anywhere except in Des Moines, its principal place of business. It owns no property in Missouri. It is not licensed to transact business in Missouri, and has never made application therefor, and never consented that service might be made upon it in Missouri. It has never sought permission to do business in any other state. Applications for membership are received usually by mail, and must, under the by-laws, be presented to the board of directors. The by-laws also provide that the deposit of a certificate of membership in the mail shall complete the contract, and that all rights under these by-laws shall be construed according to the laws of Iowa. When the application of plaintiff's husband was received, it was acted upon by the board in the home office at Des Moines; and after that, all communications with assured were sent to Oklahoma. Dr. Bohan testified that he had, for the past eight or ten years, been an examining physician for the defendant, and was paid $3.00 per examination, and that his fees totaled about $20 or $25 per month each year for five or six years last past, and that, when served in the Stier case, he wrote the home office to that effect, and thought he sent the summons to the company at Des Moines. He had no other connection with the case of Mr. Stier: that is, he had never seen him or examined him. He makes no examination at the time of applying for membership. The only relation between Dr. Bohan and defendant is that he is

occasionally asked to examine a claimant who may live in Kansas City. A form of letter sent by defendant to him in other cases, which is claimed to be a typical letter, is like this:

"Kindly call upon and examine in our interest James S. Johnson, Rm. 8, American Railway Express Depot Building, your city, or his home address, 1210 East 48th Street. Attending physician, Dr. James. Injured left eye, etc."

The doctor testifies that, upon receipt of such a letter, he would examine the claimant and report to the defendant, with statement of his bill for services in respect to such examination. He does not solicit insurance or make any contract of insurance, nor collect or receive premiums, nor adjust or settle lawsuits or claims. His employment is for a special occasion in examining a certain person, and his employment ceases with each certain case. He is a practicing physician at Kansas City, and maintains an office of his own, and has a residence there. Notices of dues and assessments are sent by mail directly to the members on a form set out in the record. They are all payable at the home office in Des Moines. Defendant does not pay any premium in consideration for the return of applications. Its policy has been to obtain memberships through the co-operation and solicitation of members. The association has members in Missouri, and it has accepted applications at Des Moines from persons in that state, and certificates of membership have been mailed on such applications to members who might be accepted, and notices of quarterly assessments were sent by mail to such members. Payments on account of claims are passed upon by the board of directors, and checks are mailed directly to the beneficiaries or members. No claims are allowed against the association, except by the directors. The business with the membership in Missouri is transacted the same as with members in Iowa, through the home office.

The parties introduced in evidence certain statutes and decisions of the state of Missouri, and Federal cases.

1. The sheriff's return on the summons is as follows:

"Executed this writ in Jackson County, Missouri, on the 20th day of April, 1921, by leaving a copy of this writ together with a copy of the petition hereto attached at a business office

of the within named defendant corporation, The Iowa State Traveling Men's Association, with P. T. Bohan, an examining physician of the said defendant corporation, and person in charge of said business office during the absence of the president or other chief officer of the said defendant corporation from Jackson County, Missouri.''

The judgment of the Missouri court recites that defendant was duly summoned, and served by personal service.

The statutes of Missouri, so far as they seem to be applicable to the situation in hand, provide:

''Sec. 1186. A summons shall be executed, except as otherwise provided by law, either * * * or fourth, where the defendant is a corporation or joint stock company, organized under the laws of any other state or country, and having an office and doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained and when had in conformity with this subdivision, shall be deemed personal service against such corporation and authorize the rendition of a general judgment against it; * * * seventh, where any action shall be commenced against any voluntary or unincorporated association or organization it may be sued in the name it has selected * * * and summons may be served on it by delivering a copy of the writ and petition to the president or other officer, agent or employee, in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where said service may be obtained, and when had in conformity herewith shall be deemed personal service,'' etc.

''Sec. 1192. When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof, shall be deemed a sufficient service; and if the corporation have no business office in the county where suit is brought, or if no person be found in charge thereof,

and the president or chief officer cannot be found in such county, a summons shall be issued, directed to the sheriff of any county in this state, or any other state, where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above.''

"Sec. 6312.   Service of summons in any action against an insurance company, not incorporated under and by virtue of the laws of this state, and not authorized to do business in this state by the superintendent of insurance, shall, in addition to the mode prescribed in Section 6310, be valid and legal and of the same force and effect as personal service on a private indi-vidual, if made by delivering a copy of the summons and com-plaint to any person within this state who shall solicit insurance on behalf of any such insurance corporation, or make any con-tract of insurance, or collect or receive any premium for insur-ance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either.''

Without a restatement of the facts, it is clear that defendant did not have an office or place of business in Missouri, and that Dr. Bohan does not come within any of the provisions of the Missouri statute.   He was not an agent contemplated as one upon whom service of summons might be had.   We do not understand appellant to claim that he was.   The claim is that, under the statutes and decisions of the courts of Missouri, the return of the sheriff is, nevertheless, conclusive.   The courts of Missouri do so hold.   We shall not separately review all of them. It was held in *State ex rel. Cement Co. v. Sale*, 232 Mo. 166 (132 S. W. 1119), that the return of the sheriff is binding on all courts until amended by him; and that the sufficiency of the service must be determined by the facts narrated in that return, and by them alone.   This case was followed in *Bedell v. Richard-son Lubricating Co.*, 201 Mo. App. 251, where a default judg-ment against a corporation was upheld.   In *Strobel v. Clark*, 128 Mo. App. 48 (106 S. W. 585), it was held that a sheriff's return of service of notice of a motion in the probate court by the public administrator, to compel another, as executor, to make

final settlement of his accounts, which return stated that personal service was had, is conclusive, unless the public administrator either procured the sheriff to make a false return, or, knowing that a false return had been made, took advantage thereof to obtain judgment by default. In *Fraternal Bankers v. Wire*, 150 Mo. App. 89 (129 S. W. 765), it is held that, where the service of summons is valid, the sheriff's return that he delivered a copy of the petition and writ is conclusive between the parties, in the absence of collusion and fraud between plaintiff and the officer who executed the writ. In *Barnett v. Barnett* (Mo. App.), 245 S. W. 579, the sheriff's return of service is conclusive on the parties to a suit; and a judgment by default in pursuance of the return cannot be attacked, even in equity, except where the judgment plaintiff aided or abetted in making the false return. In *Elliott v. Wabash R. Co.*, 208 Mo. App. 348 (234 S. W. 520), sheriff's return showing service of summons on the defendant is conclusive upon the parties to the suit and their privies, and can only be controverted in a direct attack upon it in an action against the sheriff for false return. In *Reiger v. Mullins*, 210 Mo. 563, a suit to set aside a default judgment on the ground that defendant was not served with process, and that the sheriff's return of service was false, will not lie, defendant having an adequate remedy at law. In *Smoot v. Judd*, 184 Mo. 508 (83 S. W. 481, 484), the Supreme Court of Missouri said:

"Ever since the decision of this court in *Hallowell v. Page*, 24 Mo. 590, the law has been uniformly declared in this state to be that 'the return of a sheriff on process regular on its face, and showing the fact and mode of service, is conclusive upon the parties to the suit. Its truth can be controverted only in a direct action against the sheriff for false return' [citing numerous Missouri cases]. The courts of some of the states have held that a sheriff's return is merely prima-facie evidence of the facts therein stated; but the law is firmly settled in this state that a defendant cannot controvert the truth of sheriff's return. If the return of a sheriff to a process is regular on its face, it is conclusive upon the parties to the suit; and the remedy for the party injured is an action against the sheriff for false return."

In that case it was held that parol evidence was inadmissible, in aid or support of the return, to show service in fact, though not in the manner set out in the return, and was admissible against the return only in a suit against the sheriff for a false return. In *Barnett v. Barnett*, 207 Mo. App. 683 (230 S. W. 337), the court said that, when the return of the sheriff shows proper and valid service, the defendant cannot go behind the return, and is left, for redress, if he be entitled to any, to an action against the sheriff for the wrong return. In *Newcomb v. New York Cent. & H. R. R. Co.*, 182 Mo. 687 (81 S. W. 1069, 1072), the court said:

"The plea to the jurisdiction rests on two propositions: First, that the statements in the sheriff's return are not true, as the affidavits filed show; second, on the face of the return the defendant is not legally summoned. The return of the sheriff, for the purposes of the suit, is conclusive on the parties to it. * * * If the statements in the return are not true, and the defendant suffers by reason thereof, the officer will answer in a suit against him for a false return. The court * * * properly ignored the affidavits filed denying the facts stated in the return."

Appellant cites *American Trading & Storage Co. v. Gottstein*, 123 Iowa 267, to the same effect; but we think the decision does not sustain appellant's contention. That case was decided on demurrer to the petition; and the holding was that the judgment of a court of another state having jurisdiction of the parties, cannot be collaterally attacked on the ground that the complaint was not sufficient to warrant a personal judgment. The petition alleged that a personal judgment was entered by a foreign court in conformity to the law of that state, and it was held that the demurrer admitted that the judgment was warranted by the pleadings. Among other Missouri cases cited by appellant as to the conclusiveness of the return of the sheriff, also on the full faith and credit proposition, is *Warren v. Lusk*, 16 Mo. 102. The case holds that, where it appears from the face of the record that the defendant appeared by his attorney, evidence to show that the attorney had no authority to appear,

is not admissible. In the *Warren* case, there was no service of notice on the defendant. At page 111, the court said:

"We are free to admit that there are decisions of courts the eminence of whose judges entitle them to the greatest respect, which maintain that, while the judgment of a sister state is conclusive on the merits of the subject of controversy, yet the facts which give jurisdiction of the person of the defendant may be put in issue, and if it is found that they do not exist, the proceeding will be invalidated. The different views entertained of this matter are perplexing. Some of the courts hold that, if the appearance is entered as being in person, the fact cannot be contradicted, but that the authority of the attorney may be disproved, when the appearance is by attorney. Others reject this distinction, and admit proof of facts showing the want of jurisdiction over the person of the defendant, let the recitals be as they may; while there is not wanting a considerable weight of authority in support of the opinion that, when it appears from the face of the record that the defendant had notice of the proceedings, that fact could not be controverted, as a record imports absolute verity. To this opinion we incline, as being consonant to the established rules of law."

In *Marx v. Fore*, 51 Mo. 69, it is held by a majority of the court that, in an action on a judgment of a sister state without service of notice, defendant may set up in his answer, as a defense, the fact that, in the original suit, no service was had upon him, and that the appearance entered on his behalf was fraudulent, notwithstanding that such defense contradicts the recitals contained in the record; that such matter is proper under the statute law of that state, authorizing equitable defenses; but that defendant must couple with such statement allegations showing that he has a good defense on the merits; that judgments of courts of record, whether domestic or foreign, may be impeached and declared void for fraud in actions brought to enforce them in that state; that, at law, where there is no apparent irregularity, judgments import absolute verity, but in equity, they may be set aside when obtained by undue and fraudulent contrivances, in the absence of and without notice to the opposite parties. There was a dissenting opinion, to the effect that, where

the record avers the service of notice, defendant will not be permitted by his answer to deny it, nor to set up the defense that the judgment was obtained by fraud.

Other cases are cited, but we think it is unnecessary to review them in detail. We are not disposed to follow cases holding that there may be a valid personal judgment where there has been no service of notice or process. In such a case there would be no jurisdiction of the person. A valid judgment cannot be rendered without jurisdiction. A void judgment is no judgment at all. It may be well to refer to some of our own cases, although they are not cited. They are not in harmony with the holdings of the Missouri court. In *Hoitt v. Skinner,* 99 Iowa 360, 363, we held that the sheriff's return is not conclusive, but that, upon grounds of public policy, it must be regarded as strong evidence of the facts to which the law requires the officer to certify. In *Des Moines Coal & Coke Co. v. Marks,* 197 Iowa 589, 590, we said:

"It is well settled in this state, and doubtless in all other jurisdictions, that a very strong presumption obtains in favor of the return of an officer, and that it cannot be impeached except by very clear and satisfactory proof" (citing a number of cases).

That was an action in equity, to set aside a judgment for want of notice. Parol evidence was received. In *Mintle v. Sylvester,* 197 Iowa 424, 426, we held that it was the fact of service upon which the jurisdiction of the court depends. In *Spencer v. Berns,* 114 Iowa 126, 128, an action to set aside a default for want of notice, we said:

"There was no service on Mary A. Berns, and hence the court had no jurisdiction to enter default or render judgment against her" (citing *Harmon v. Lee,* 6 Iowa 171; *Lyon v. Thompson,* 12 Iowa 183; *LeGrand v. Fairall,* 86 Iowa 211).

In the *Spencer* case, the court also said, in answer to the claim that it was a collateral attack, that, if it were so, it would not, for that reason, be bad; for a void judgment may be thus assailed (citing *Allen v. Rogers,* 27 Iowa 106, and other cases). In *Bank of Horton v. Knox,* 133 Iowa 443, 445, an action on a judgment rendered in Nebraska, the question was whether there had been personal notice or appearance, and we said:

"That the jurisdiction of a court to enter judgment may always be inquired into is doctrine too well established to admit of question" (citing *Cuykendall v. Doe*, 129 Iowa 453; *Thompson v. Whitman*, 18 Wall. [U. S.] 457; *Knowles v. Logansport Gaslight & Coke Co.*, 19 Wall. [U. S.] 58).

We said further that:

"To authorize a judgment *in personam*, the court must not only have jurisdiction of the subject-matter of the action, but of the person of the defendant; and this is the rule in Nebraska, as it is in this state and elsewhere. * * * As well understood, jurisdiction of the person can only be obtained by service of notice within the state, or by a voluntary appearance. Judged by this rule, it is clear that we have no case of a judgment upon personal service; and if the judgment as entered by the Nebraska court can be sustained on any theory, it must be because the filing of the request for stay or order for execution amounted to a personal appearance in the action, sufficient to authorize the subsequent entry of such judgment."

In that case, a recovery was not permitted. In *Longueville v. May*, 115 Iowa 709, it was said that want of indebtedness is not one of the defenses to a foreign judgment; that the only defenses are fraud, want of jurisdiction, and satisfaction; and that, if a judgment is rendered where there is no service, it would be a nullity. In the opinion the question is discussed as to defective service, and no service at all. In the instant case, there was no service, because it was not had upon a person upon whom service could be legally made. In *Cooley v. Barker*, 122 Iowa 440, it is held that, where a suit is brought before a justice of one county against a resident of another, on a contract purporting to confer jurisdiction, which provision is, in fact, a forgery, a judgment rendered on default is void for want of jurisdiction, subject to attack whenever the question may arise; and it may be shown by parol that the provision of the contract apparently conferring jurisdiction is untrue. In *Clabaugh v. Warner*, 228 Mich. 207 (199 N. W. 710), it is held that either party to motion to set aside sheriff's return is entitled to have testimony taken on the issue of service.

It is true that the foregoing cases, for the most part, are

upon the proposition as to the conclusiveness of the judgment and jurisdiction, rather than the question of the faith and credit to be given a judgment; although one of the Iowa cases, as we shall see in a moment, deals with the latter proposition. Among the cases cited by appellant on the last point are *Sistare v. Sistare*, 218 U. S. 1 (54 L. Ed. 905); *McElmoyle v. Cohen,* 13 Pet. 311, 312 (10 L. Ed. 177, 183); *Hampton v. M'Connel,* 3 *Wheat.* 233 (4 L. Ed. 378, 379); *Bryar v. Campbell,* 177 U. S. 649, 654 (44 L. Ed. 926, 928); *Mills v. Duryee,* 7 Cranch 481 (3 L. Ed. 411). In the *Sistare* case, suit was brought in Connecticut on a judgment for alimony rendered in a court of New York. It was held that a recovery could be had for overdue and unsatisfied installments of alimony, under the full faith and credit clause, and for future installments, with certain provisos. There was no question in the case as to jurisdiction for want of notice, as in the instant case. In the *McElmoyle* case, supra, at 323, it appears that there were two points: First, whether the statute of limitations of Georgia can be pleaded to an action in that state founded upon a judgment rendered in the state of South Carolina; and whether, in the administration of assets in Georgia, a judgment rendered in South Carolina upon a promissory note against the intestate, when in life, should be paid in preference to simple-contract debts. The question as to the faith and credit to be given a judgment is discussed in connection with the two points stated; but running through the opinion is the thought that, under the Federal Constitution, the judgment in another state is conclusive upon the merits, and that such judgments are evidence in a sister state that the subject-matter of the suit has become a debt of record, which cannot be avoided, etc. There was no question in the case as to want of notice or jurisdiction. In the *Longueville* case, supra, it is said that, where the trial court has jurisdiction, such a judgment in an action thereon in a sister state is conclusive as to the merits of the controversy. In other words, the defense may not be made that the defendant did not owe the debt, or in the amount claimed, or that it had been paid before judgment; and like defenses. To have that effect, there must be jurisdiction to so determine. We have seen from some of the cases that the de-

fenses of want of jurisdiction, fraud, etc., may be ·made. In the *Hampton* case, ·supra, suit was brought in South Carolina upon a judgment of the state of New York. Defendant below pleaded *nil debet*. Plaintiff demurred. The demurrer was sustained, and there was judgment for plaintiff. The effect of the holding was that such a defense could not be made. There was no question as to jurisdiction for want of notice. In the *Bryar* case, supra, the issue was as to the effect, in a Federal court in bankruptcy, of a judgment in the state court, where there were questions in the case of delay in taking appeal, and whether the objection was made too late; former adjudication; and jurisdiction of state court after decree in Federal court; and so on. There was no question as to jurisdiction of the person because of want of notice. In *Mills v. Duryee,* supra, it is held that *nil debet* is not a good plea ·in an action founded on a judgment of another state. The case has been followed, as stated in the *D'Arcy* case, infra, in cases where process has been served.

We must, and do, concede that, in the instant case, if process had been served upon someone authorized, and that court had jurisdiction of the person of this defendant, the judgment there rendered on the merits would be conclusive upon the courts in this state.

Cases are cited by appellee wherein the question here presented has been determined by the Supreme Court of the United States. The question being as to the interpretation of the Federal Constitution, the decisions of that court are controlling and binding upon us. ·Appellee's proposition is that the full faith and credit clause is to be interpreted in connection with other provisions of the Constitution; that no judgment is entitled to full faith and credit which is wanting in due process of law; that the question of the jurisdiction of the court rendering a judgment is always open to inquiry in a suit thereon in the courts of a sister state, regardless of any rule of law in the state in which it was rendered. They cite *Old Wayne Mut. Life Assn. v. McDonough,* 204 U. S. 8; *Thompson v. Whitman,* 18 Wall. 457 (21 L. Ed. 897); *D'Arcy v. Ketchum,* 11 How. 165 (13 L. Ed. 648); *Higham ·v. Iowa State Trav. Assn.,* 183 Fed. 845. These cases are uniform, and some of them say that the

doctrine is settled in the Supreme Court of the United States. In the *Old Wayne* case, supra, plaintiff had secured a judgment in a court of Pennsylvania. Suit thereon was brought in Indiana, and, the issue of the jurisdiction of the Pennsylvania court being presented by the pleadings, the Supreme Court said:

"The plaintiff in error insists that the Pennsylvania court had no jurisdiction to proceed against it; consequently, the judgment it rendered was void for the want of the due process of law required by the Fourteenth Amendment. If the defendant had no such actual, legal notice of the Pennsylvania suit as would bring it into court, or if it did not voluntarily appear therein by an authorized representative, then the Pennsylvania court was without jurisdiction, and the conclusion just stated would follow, even if the judgment would be deemed conclusive in the courts of that commonwealth. The constitutional requirement that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state is necessarily to be interpreted in connection with other provisions of the Constitution, and therefore no state can obtain in the tribunals of other jurisdictions full faith and credit for its judicial proceedings if they are wanting in the due process of law enjoined by the fundamental law. * * * No state can, by any tribunal or representative, render nugatory a provision of the supreme law. And if the conclusiveness of a judgment or decree in a court of one state is questioned in a court of another government, Federal or State, it is open, under proper averments, to inquire whether the court rendering the decree or judgment had jurisdiction to render it."

The court says further:

"Such is the settled doctrine of this court. In the leading case of *Thompson v. Whitman,* 18 Wallace 457, 468, the whole question was fully examined in the light of the authorities. Mr. Justice Bradley, speaking for the court, and delivering its unanimous judgment, stated the conclusion to be clear that the jurisdiction of a court rendering judgment in one state may be questioned in a collateral proceeding in another state, notwithstanding the averments in the record of the judgment itself. The court, among other things, said that, if it be once conceded that

'the validity of a judgment may be attacked collaterally by evidence showing that the court had no jurisdiction, it is not perceived how any allegation contained in the record itself, however strongly made, can affect the right so to question it. The very object of the evidence is to invalidate the paper as a record. If that can be successfully done, no statements contained therein have any force. If any such statements could be used to prevent inquiry, a slight form of words might always be adopted so as effectually to nullify the right of such inquiry. Recitals of this kind must be regarded like asserverations of good faith in a deed, which avail nothing if the instrument is shown to be fraudulent.' This decision was in harmony with previous decisions.''

And further:

''But this [the full faith and credit clause] does not prevent an inquiry into the jurisdiction of the court in which the original judgment was given, to pronounce it; or the right of the state itself to exercise authority over the person or the subject-matter. The Constitution did not mean to confer [upon the states] a new power or jurisdiction, but simply to regulate the effect of the acknowledged jurisdiction over persons and things within their territory.''

The case of *Mills v. Duryee* is referred to in the *D'Arcy* case, supra. The court said:

''This decision was made in 1813, and has since been followed as the binding and proper construction of the Act of 1790, in cases where process has been served. But, as was then predicted (and as has been manifest ever since), great embarrassment must ensue if the construction, on the facts of that particular case, is applied to all others, without exception. In construing the act of 1790, the law as it stood when the act was passed must enter into that construction; so that the existing defect in the old law may be seen, and its remedy by the act of Congress comprehended. Now it was most reasonable, on general principles of comity and justice, that, among states and their citizens united as ours are, judgments rendered in one should bind citizens of other states, where defendants had been served with process, or voluntarily made defense. As these judgments, however, were only prima-facie evidence, and sub-

ject to be inquired into by plea when sued on in another state, Congress saw proper to remedy the evil, and to provide that such inquiry and double defense should not be allowed. To this extent, it is declared in the case of *Mills v. Duryee,* Congress has gone, in altering the old rule. Nothing more was required."

The instant case is not within the class with which *Mills v. Duryee* was dealing, because defendant was not lawfully served with process in the Missouri court, and did not voluntarily appear. As before pointed out, it was held in *Old Wayne Mut. Life Assn. v. McDonough* that the jurisdiction of a court rendering judgment in one state may be questioned in a collateral proceeding in another state, notwithstanding the averments in the record of the judgment itself. The recitals in the judgment were undoubtedly based upon the recitals in the sheriff's return. We think the return of the sheriff should not be given greater weight than recitals in the judgment. If the judgment is open to question, notwithstanding such recitals, surely the recitals in the sheriff's return may be questioned when the very purpose of the inquiry is to determine whether or not the court had jurisdiction: in other words, whether or not the judgment is in fact a judgment.

To the point that the defendant was not engaged in the carrying on of business in the state of Missouri, and that Dr. Bohan was not its agent, nor in charge of its business office, appellee cites the following cases: *Minnesota Com. Men's Assn. v. Benn,* 261 U. S. 140; *Rosenberg v. Curtis,* 260 U. S. 516; *Pembleton v. Illinois Com. Men's Assn.,* 289 Ill. 99 (124 N. E. 355); *Higham v. Iowa State Trav. Assn.,* supra; *Tomlinson v. Iowa State Trav. Men's Assn.,* 251 Fed. 171; *Crews v. Illinois Com. Men's Assn.,* 256 Fed. 268; *Shwayder v. Illinois Com. Men's Assn.,* 255 Fed. 797; *People's Tobacco Co. v. American Tobacco Co.,* 246 U. S. 79, 87. In view of what has already been said, we deem it unnecessary to review these cases.

Without further discussion, we are of opinion that the trial court correctly decided the case. The judgment is—*Affirmed.*

ARTHUR, C. J., and STEVENS, FAVILLE, and VERMILION, JJ., concur.