JOEL H. REIGER, Appellant, v. JOHN R. MUL-
LINS et al.

Division Two, March 31, 1908.

1. **SHERIFF'S RETURN: Conclusive.** The sheriff's return show-
ing service on a defendant is conclusive and authorizes a judg-
ment against him, whether false or not, or however false may
be the allegation of the petition.

2. —————: —————: **Ejectment: Judgment for Damages Against
Defendant Out of Possession.** Plaintiff sues in equity, alleging
that defendant, though in possession of land and knowing that
plaintiff made no claim to it, fraudulently brought ejectment
against plaintiff and took judgment for possession and $350
damages, and is about to sell other land actually belonging
to plaintiff to satisfy said judgment, and further alleging that
plaintiff was never served with process in said ejectment and
that the sheriff's return showing service was false, etc. *Held*,
that the sheriff's return was conclusive on plaintiff, and his
petition did not state a cause of action. [Following Smoot v.
Judd, 184 Mo. 508.]

Appeal from Jackson Circuit Court.—*Hon. J. H. Slo-
ver*, Judge.

AFFIRMED.

*Geo. H. English, Jr.*, for appellant.

(1) The petition alleges, and the affidavits at-
tached thereto show, conclusively, fraud in the incep-
tion of the judgment. The petition alleges that the
case of Mullins v. Reiger was brought for the fraudu-
lent purpose of extorting money from the appellant
herein, and that the apparent jurisdiction of the court
was based upon the fraudulent acts of the third par-
ties of which the plaintiff in that suit was advised.
No rights of an innocent third party have intervened.
The judgment is apparently valid on its face and is
capable of misuse against the appellant. The court
below had complete jurisdiction of the parties, and

should have overruled the objection to the introduction
of any testimony. The objection was made and sus-
tained upon the grounds that the plaintiff below had an
adequate remedy at law by suit upon the officer's bond.
The jurisdiction of a court of equity to set aside a judg-
ment for fraud is not ousted because a remedy at law
exists. Baldwin v. Dalton, 168 Mo. 420; Baldwin v.
Davidson, 139 Mo. 118. But between the parties the
court of equity has always jurisdiction to set aside a
judgment obtained by collusion or fraud. Harris v.
Sanders, 48 Mo. 421. And where the facts which ren-
der a judgment fraudulent and void are not shown
upon the record and rest *in pais,* injunction is the
proper remedy to restrain an execution under such
judgment. Gazzolo v. McCann, 63 Mo. App. 414. And
where the defendant's judgment would apparently be
a valid lien upon the plaintiff's land and is for  that
reason calculated to throw some doubt upon his title,
or is capable of future misuse, the jurisdiction of a
court of equity to grant relief from the same is not
merely remedial but is also exercised to prevent in-
justice. Rogers v. Bank, 82 Mo. App. 377. (2) At the
time this suit was begun, on September 30, 1904, the
law of this State was that equity would entertain a
suit to enjoin the enforcement of a judgment, based
upon a false return. Smoot v. Judd, 161 Mo.   673.
While the suit was pending and before trial, viz.: on
November 29, 1904, this court rendered an opinion on
the second appeal of Smoot v. Judd, and held by a di-
vided court that the action would not lie in such a case.
Smoot v. Judd, 184 Mo. 508. When the present case
came on for trial on January 15, 1905, the trial court
felt constrained to follow the latest deliverance of this
court and it is manifest that if Smoot v. Judd is to be
followed as decisive of the case at bar, the trial court
was right, for this case falls within the principle there
decided, except as distinguished in point 1, supra, upon

the question of fraud. The point is presented, there-
fore, whether or not Smoot v. Judd shall be overruled.
Appellant does not concede that Smoot v. Judd is the
controlling decision, but believes the distinction here-
tofore made is a valid one; but, since the court below
acted upon the belief that such decision did bind him,
the question of overruling that decision is presented
as if it were the decisive question. We are firmly con-
vinced that the correct rule is found in the minority
opinion, and that it should be so declared.

*Johnson & Lucas* for respondents.

(1) The sheriff's return is conclusive, and re-
spondent is not alleged to have had any knowledge of,
or any part in, procuring the return of the sheriff,
complained of. McClanahan v. West, 100 Mo. 309;
Smoot v. Judd, 184 Mo. 508. (2) Appellant has an
adequate remedy at law. Hallowell v. Page, 24 Mo.
590; Benton Co. v. Morgan, 163 Mo. 661; Feurt v. Cas-
tor, 174 Mo. 297; Smoot v. Judd, 184 Mo. 508. (3)
Appellant is presumed, in the absence of an allegation
to the contrary, to have had knowledge of all the acts
done in his name. He does not deny knowledge that
the deed was made to him, and that suit was filed
against him, but says that "all proceedings after the
filing of the petition were," etc., and that he "at no
time had any notice of said proceedings." (4) Ap-
pellant did not offer to do equity, by offering to relin-
quish the title alleged to have been conveyed to him,
at O'Neill's instance.

BURGESS, J.—The petition in this case alleges,
in substance, that the defendant Mullins, though in
possession of certain lands and with knowledge that
plaintiff made no claim to it, fraudulently brought
ejectment against plaintiff and took judgment for pos-
session and three hundred and fifty dollars damages,

and is about to sell other land actually belonging to plaintiff to satisfy the judgment; that plaintiff was never served with process in the original suit and that the sheriff's return of service was false. The petition further alleges: "That all the proceedings in said case, after the filing of the petition, were and are a fraud upon your Honor's court and a fraud upon plaintiff, and contrary to good conscience and good faith; that at all times mentioned in the petition, the defendant herein, John R. Mullins, was, by his tenant, one Howard Davidson, in possession of the property described in said petition, and that said petition was not filed in good faith, but was devised as a means of getting money from this plaintiff and that this plaintiff at no time had any notice of said proceedings, and at no time had or claimed any right or title in the property, and at no time was in possession of the same, and that all of these facts were well known to defendant John R. Mullins, or might have been discovered by him by inquiry from this plaintiff; and that plaintiff is without remedy at law, but can only obtain relief by a court of equity."

The petition concludes with a prayer for an injunction against Mullins and the defendant sheriff to restrain the sale, for the vacation of the judgment, and for equitable relief.

Attached to the petition were affidavits tending to sustain the allegations therein contained.

The defendant Mullins filed answer, denying all allegations in the petition.

When the case came on for trial, the defendant objected to the introduction of any testimony under the petition upon the ground that the petition failed to state a cause of action in that the sheriff's return was conclusive, and that plaintiff had an adequate remedy at law. The objection was sustained by the court, and plaintiff at the time duly excepted. In due time plain-

tiff filed motion for a new trial, which was overruled, to which ruling he saved an exception, and appeals.

It is conceded by plaintiff that if the case of Smoot v. Judd, 184 Mo. 508, is to be followed as decisive of the case at bar, the trial court was right, because this case falls within the principle there decided, except as distinguished in his brief upon the question of fraud; but it is insisted that that decision is not in line with the weight of authority, and should be reconsidered and overruled. That case was well considered, and met with the approval of the entire Court In Banc, with one exception. We see no reason whatever for reconsidering or overruling it, and must, with due respect to counsel for plaintiff, decline to so do.

The judgment should be affirmed. It is so ordered. All concur.