LIZZIE BARNETT, Respondent, v. GROVER BAR-
NETT, Appellant.

Springfield Court of Appeals. May 3, 1921

PROCESS: When Return is in Proper Form: Defects in Copy of
Summons Served Cannot be Shown. Where the sheriff's return
on the original summons shows proper and valid service, defendant
cannot go behind the return on motion to quash the execution,
and show that the copy of the summons served was not filed
by the clerk, and did not have the seal of the court on it.

Appeal from McDonald Circuit Court.—*Hon. C. L. Hen-
son,* Judge.

AFFIRMED.

*D. S. Mahew* for appellant.

(1) All writs and processes issued out of the court
of record shall run in the name of the State of Missouri
and shall be tested by the clerk of the court from which
the same shall be issued and sealed with the judicial
seal of such court. R. S. 1919, sec. 1209; Const. of Mis-
souri, sec. 38, art. 6; 1 McQuillins Missouri Practice,
sec. 217; Smith Heddins & Co. v. Hackley, 44 Mo.
App. 614, 618. (2) A defective writ successfully as-
saulted by motion to quash, interposed in due season
is the same as no process at all, the omission of the
attestation of any writ is a serious omission and has
been held to render the writ absolutely void. Smith,
Heddings & Co. v. Hackley, 44 Mo. App. 619; Wade
on Attachments, sec. 121. (3) Where the writ is not
signed by the officer issuing it, it is void. Mathews v.
Ausley, 31 Ala. 20; Wales v. Clerk, 43 Conn., 183; Wade
on Attachment and Garnishment, secs. 118 & 1822; 40
Mo. App. 113. (4) Not only must process be served in
the manner prescribed by law, but the process itself must

be the mandate of an officer authorized by law to issue or require it to be issued. "The stream cannot rise higher than its source." Williams v. Monroe, 125 Mo. 585. (5) Although the record of the court of general jurisdiction recites that defendant has been duly served with process, it is competent to overthrow such recital by showing by other portions of the record of equal force and dignity that such recital of service is not true. Cloud v. Pierce City, 6 Mo. 357; Laney v. Garbee, 105 Mo. 355; Milner v. Shipley, 94 Mo. 106; Bell v. Brukmann, 123 Mo. 270; Freeman on Judgments (4 Ed.), sec. 125; Higgins v. Beckwith, 102 Mo. 456; Williams v. Monroe, 125 Mo. 584; State ex rel. v. Fisher, 230 Mo. 325. (6) A summons issued without the seal of the court is void. Choate v. Spencer, 20 L. R. A. 424; Stevens v. Franklin County, 81 U. S. (14th Wall.) 15; York v. Texas, 137 U. S. 15. (7) Failure of clerk to sign summons invalidates it. Shoeman v. Hurd, 20 Mont. 558; 52 Pac. 558; In re Wall, 92 Pac. 785; Slayton v. Newcomer, 6 Ark. 451; Woolford v. Dugan, 2 Ark. 131; Roseman v. Miller, 84 Ill. 297. (8) Where a statute specifically prescribes the character and manner of the process, it must be strictly followed. Hyde v. Goldby, 25 Mo. App. 29. (9) The court has no jurisdiction of the defendant until a legal summons is served. The defendant cannot be put to the costs and trouble of appearing in court until served with a summons which complies with the specific provisions of the law as enacted by statute, and by the provisions of the State Constitution. Choate v. Spencer, 13 Mont. 127, 20 L. R. A. 424, 32 Pac. 651, 20 Mont. 555, 52 Pac. 558; Kipp v. Burton, 63 L. R. A. 325; Coffin v. Bell, 22 Nev. 185, 37 Pac. 240. (10) Void process is defined to be such as was issued without power in the court to award it, or which the court has not acquired jurisdiction to issue, in the particular case, or which fails in some material respect to comply with the requisite form of legal process. Irregular process is such as a court has general jurisdiction to issue but which is unauthorized in the par-

ticular case by reason of the extrinsic or non-existence of some fact or circumstance rendering it improper in such case.

*C. E. Prettyman* and *J. A. Sturges* for respondent.

No brief filed by respondent.

BRADLEY, J.—This is an appeal from an order overruling a motion to quash an execution. Plaintiff and defendant were divorced in 1913. There were four children born of the marriage and their custody was awarded to plaintiff, and she was allowed $3000 alimony in gross. On June 11, 1919, plaintiff filed a suit against defendant to recover what she had paid out of her own funds for the support and maintenance of the children. Judgment went by default, execution issued, the sheriff levied upon defendant's lands, and motion was filed to quash the execution. The ground of the motion is that there was no valid service on defendant. By the parol of evidence admitted it appears that the sheriff deliver-ed to defendant a copy of a petition and summons which purported to be in the present case, and a copy of a summons which purported to be in the original divorce case. Plaintiff was seeking to have that case opened up and the future support of the children provided for in that case. But the present case is all that is concern-ed here. The copy of the summons was not signed by the clerk, and the seal of the court was not on it. It was no more than what is comonly called a blank sum-mons, except the style of the present case was filled in on a typewriter, and dated in the same manner. The clerk testified that the typewriting on the paper called a summons looked like the writing of his typewriter. The copy of the petition was not attached to anything. These three papers, unsigned and uncertified were handed de-fendant by the sheriff at one and the same time. The sheriff made his return on the original summons which was properly signed and sealed, showing proper and

valid service. Defendant took the three papers delivered to him by the sheriff and sought the advice of a lawyer. He was advised that the service was bad, and that there was "nothing to it." He made no appearance, and judgment went by default as stated.

There is but one proposition briefed by appellant and that is the validity of the judgment under the facts stated. The question is, can defendant go behind the return showing valid service and impeach that return on a motion to quash the execution? In Smoot v. Judd, 184 Mo. 508, 83 S. W. 481, the principle involved here is most thoroughly and elaborately considered and the rule in Missouri announced to be that the officer's return is conclusive upon the parties to the suit, and that a judgment by default in pursuance of the return cannot be attacked even in equity except where the judgment plaintiff aided or abetted in making the false return. This subject is so completely considered in the Judd case that we shall not undertake to discuss the law here. In Reiger v. Mullins, 210 Mo. 563, 109 S. W. 26, it was urged that the law as written in the Judd case was not in line with the weight of authority, and that that case should be overruled, but this the court declined to do. In Newcomb v. Railroad, 182 Mo. 687, 81 S. W. 1069, the syllabi gives the substance of the holding thus: "The statements in the return of the sheriff, showing service of the summons on the agent of defendant, are, for the purposes of the suit, conclusive on the parties to it. The court should ignore affidavits contradicting the statements in that return, to the effect that the persons therein recited to be agents of defendant were in fact not such." It clearly appears from the authorities that defendant in the case at bar cannot redress his wrong in this proceeding. It is stated in the Judd case that the truth of the facts stated in the return can be controverted only in a direct proceeding against the sheriff for false return.

Defendant in his oral argument challenged the sufficiency of the petition, and urged that it states no cause

of action, and therefore will not support the judgment, and that the execution should be quashed for that reason. In view of defendant's situation we have given this feature due consideration and find no reason to uphold this contention. The petition may not be in the best form, but sufficient allegations are contained to render it immune from attack after verdict and judgment. Defendant does not challenge the petition in his brief, and we have only considered this feature in deference to the situation.

The judgment below should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.